UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

SEAN VINCENT and LORENZO SERNA,

                             Plaintiffs,

                -against-

DEPUTY INSPECTOR EDWARD WINSKI, NEW
YORK CITY POLICE CAPTAIN THOMAS
TRAYOR, NEW YORK CITY POLICE OFFICER
LISA WARING, THE CITY OF NEW YORK, a
municipal entity, ,

                          Defendants.

**ANSWER ON BEHALF
OF THE CITY OF NEW
YORK, EDWARD
WINSKI, THOMAS
TRAYONR, VERNELLY,
WILLIAM CURLEY,
PAUL RERES, MICHAEL
R. BLOOMBERG, AND
RAYMOND W. KELLY**

**14 CV 7744 (VSB)**

**JURY DEMANDED**

------------------------------------------------------------------------x

        Defendants, CITY OF NEW YORK, DEPUTY INSPECTOR EDWARD

WINSKI, CAPTAIN THOMAS TRAYNOR, POLICE OFFICER VERNELLY, POLICE

OFFICER WILLIAM CURLEY, POLICE OFFICER PAUL RERES, FORMER MAYOR

MICHAEL R. BLOOMBERG, AND FORMER NEW YORK CITY POLICE

COMMISSIONER RAYMOND W. KELLY, by their attorney, **ZACHARY W. CARTER**,

Corporation Counsel of the City of New York, as and for their answer to the Complaint,

respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Complaint except

admit that plaintiffs purport to proceed as stated therein.

        2.     Deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "2" of the Complaint.

        3.     Deny knowledge or information sufficient to form a belief as to the truth

of paragraph "3" of the Complaint.

4.      Deny the allegations set forth in paragraph "4" of the Complaint, except admit that SEAN VINCENT was arrested on September 24, 2011, October 1, 2011, October 15, 2011, November 8, 2011, and November 27, 2011.

5.      Deny the allegations set forth in paragraph "5" of the Complaint.

6.      Deny the allegations set forth in paragraph "6" of the Complaint, except admit that LORENZO SERNA was arrested on September 1, 2011, October 1, 2011, November 15, 2011, and December 12, 2011.

7.      Deny the allegations set forth in paragraph "7" of the Complaint.

8.      Deny the allegations set forth in paragraph "8" of the Complaint.

9.      Deny the allegations set forth in paragraph "9" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

10.     Deny the allegations set forth in paragraph "10" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

11.     Deny the allegations set forth in paragraph "11" of the Complaint, except admits that plaintiff purports to base venue as stated therein.

12.     State that the allegations set forth in paragraph "12" of the Complaint are legal conclusions to which no response is required.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15.     Deny the allegations set forth in paragraph "15" of the Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

16.     Deny the allegations set forth in paragraph "16" of the Complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

17.     Deny the allegations set forth in paragraph "17" of the Complaint except admit that EDWARD WINSKI is an employee of the New York City Police Department.

18.     Deny the allegations set forth in paragraph "18" of the Complaint except admit that LISA WARING is an employee of the New York City Police Department.

19.     Deny the allegations set forth in paragraph "19" of the Complaint except admit that JOHN MCNAMARA is an employee of the New York City Police Department.

20.     Deny the allegations set forth in paragraph "20" of the Complaint except admit that EDWARD BLANCO is an employee of the New York City Police Department.

21.     Deny the allegations set forth in paragraph "21" of the Complaint except admit that VERNELLY is an employee of the New York City Police Department.

22.     Deny the allegations set forth in paragraph "22" of the Complaint except admit that WILLIAM CURLEY is an employee of the New York City Police Department.

23.     Deny the allegations set forth in paragraph "23" of the Complaint except admit that WILLIAM GRODNICK is an employee of the New York City Police Department.

24.     Deny the allegations set forth in paragraph "24" of the Complaint except admit that THOMAS MANNING is an employee of the New York City Police Department.

25.     Deny the allegations set forth in paragraph "25" of the Complaint except admit that CABRERA is an employee of the New York City Police Department.

26.     Deny the allegations set forth in paragraph "26" of the Complaint except admit that PAUL RERES is an employee of the New York City Police Department.

27.     Deny the allegations set forth in paragraph "27" of the Complaint except admit that THOMAS TRAYNOR is an employee of the New York City Police Department.

28.     Deny the allegations set forth in paragraph "28" of the Complaint except admit that MICHAEL R. BLOOMBERG was the Mayor of the City of New York.

29.     Deny the allegations set forth in paragraph "29" of the Complaint.

30.     Deny the allegations set forth in paragraph "30" of the Complaint except admit that RAYMOND W. KELLY was Commissioner of the New York City Police Department.

31.     Deny the allegations set forth in paragraph "31" of the Complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint as they pertain to unidentified defendants.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint as they pertain to unidentified defendants.

34.     State that the allegations set forth in paragraph "34" of the Complaint are legal conclusions to which no response is required.

35.      State that the allegations set forth in paragraph "35" of the Complaint are legal conclusions to which no response is required.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint except admit that Occupy Wall Street is a movement.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Complaint except admit that Zuccotti Park is located in New York City.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

46.     Deny the allegations set forth in paragraph "46" of the Complaint.

47.     Deny the allegations set forth in paragraph "47" of the Complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint.

49.     Admit the allegations set forth in paragraph "49" of the Complaint.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Complaint.

51.     Deny the allegations set forth in paragraph "51" of the Complaint.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint.

53.     Admit the allegations set forth in paragraph "53" of the Complaint.

54.     Deny the allegations set forth in paragraph "54" of the Complaint.

55.     Deny the allegations set forth in paragraph "55" of the Complaint.

56.     Deny the allegations set forth in paragraph "56" of the Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Complaint.

59.     Deny the allegations set forth in paragraph "59" of the Complaint.

60.     Deny the allegations set forth in paragraph "60" of the Complaint.

61.     Deny the allegations set forth in paragraph "61" of the Complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Complaint, except admit that officers carried plaintiff SEAN VINCENT.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Complaint.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Complaint.

66.     Deny the allegations set forth in paragraph "66" of the Complaint.

67.     Deny the allegations set forth in paragraph "67" of the Complaint.

68.     Deny the allegations set forth in paragraph "68" of the Complaint.

69.     Admit the allegations set forth in paragraph "69" of the Complaint.

70.     State that paragraph "70" of the Complaint does not contain any allegations and thus requires no response.

71.     Deny the allegations set forth in paragraph "71" of the Complaint.

72.     Deny the allegations set forth in paragraph "72" of the Complaint.

73.     Admit the allegations set forth in paragraph "73" of the Complaint.

74.     Admit the allegations set forth in paragraph "74" of the Complaint.

75.     Deny the allegations set forth in paragraph "75" of the Complaint.

76.     Deny the allegations set forth in paragraph "76" of the Complaint except admit that members of the NYPD walked towards Brooklyn.

77.     Deny the allegations set forth in paragraph "77" of the Complaint.

78.     Deny the allegations set forth in paragraph "78" of the Complaint.

79.     Deny the allegations set forth in paragraph "79" of the Complaint.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the Complaint.

81.     Deny the allegations set forth in paragraph "81" of the Complaint.

82.     Deny the allegations set forth in paragraph "82" of the Complaint.

83.     Deny the allegations set forth in paragraph "83" of the Complaint, except admit that the demonstrators stopped on the roadway approximately halfway across the Brooklyn Bridge.

84.     Admit the allegations set forth in paragraph "84" of the Complaint.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the Complaint.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "86" of the Complaint.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the Complaint.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the Complaint.

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of the Complaint.

90.     Deny the allegations set forth in paragraph "90" of the Complaint.

91.     Deny the allegations set forth in paragraph "91" of the Complaint.

92.     Deny the allegations set forth in paragraph "92" of the Complaint.

93.     Deny the allegations set forth in paragraph "93" of the Complaint.

94.     Deny the allegations set forth in paragraph "94" of the Complaint.

95.     Deny the allegations set forth in paragraph "95" of the Complaint.

96.     Deny the allegations set forth in paragraph "96" of the Complaint.

97.     State that the allegations set forth in paragraph "97" of the Complaint are legal conclusions to which no response is required.

98.     Deny the allegations set forth in paragraph "98" of the Complaint.

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "99" of the Complaint.

100.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the Complaint

101.     Admit the allegations set forth in paragraph "101" of the Complaint.

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of the Complaint.

103.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103" of the Complaint.

104.    Deny the allegations set forth in paragraph "104" of the Complaint.

105.    Deny the allegations set forth in paragraph "105" of the Complaint.

106.    Deny the allegations set forth in paragraph "106" of the Complaint.

107.    Deny the allegations set forth in paragraph "107" of the Complaint.

108.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the Complaint.

109.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the Complaint.

110.    Deny the allegations set forth in paragraph "110" of the Complaint.

111.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "111" of the Complaint.

112.    Deny the allegations set forth in paragraph "112" of the Complaint.

113.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "113" of the Complaint.

114.    Deny the allegations set forth in paragraph "114" of the Complaint. [don't like the word "alleged"

115.    Deny the allegations set forth in paragraph "115" of the Complaint.

116.    Deny the allegations set forth in paragraph "116" of the Complaint.

117.    Deny the allegations set forth in paragraph "117" of the Complaint.

118.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the Complaint.

119.   Deny the allegations set forth in paragraph "119" of the Complaint.

120.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the Complaint.

121.   Deny the allegations set forth in paragraph "121" of the Complaint.

122.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "122" of the Complaint.

123.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "123" of the Complaint.

124.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "124" of the Complaint.

125.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "125" of the Complaint.

126.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" of the Complaint.

127.   Deny the allegations set forth in paragraph "127" of the Complaint.

128.   Deny the allegations set forth in paragraph "128" of the Complaint.

129.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "129" of the Complaint.

130.   Deny the allegations set forth in paragraph "130" of the Complaint.

131.   Deny the allegations set forth in paragraph "131" of the Complaint.

132.   Deny the allegations set forth in paragraph "132" of the Complaint.

133.   Deny the allegations set forth in paragraph "133" of the Complaint.

134.   Deny the allegations set forth in paragraph "134" of the Complaint.

135.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "135" of the Complaint.

136.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "136" of the Complaint.

137.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "137" of the Complaint.

138.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "138" of the Complaint.

139.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "139" of the Complaint.

140.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "140" of the Complaint.

141.   Admit that a disturbance took place and that certain individuals were arrested.   Deny knowledge or information sufficient to form a belief with respect to the remaining allegations in paragraph 141.

142.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "142" of the Complaint.

143.   Deny the allegations set forth in paragraph "143" of the Complaint.

144.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "144" of the Complaint.

145.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "145" of the Complaint.

146.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "146" of the Complaint.

147.    Deny the allegations set forth in paragraph "147" of the Complaint.

148.    Deny the allegations set forth in paragraph "148" of the Complaint.

149.    Deny the allegations set forth in paragraph "149" of the Complaint.

150.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "150" of the Complaint.

151.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "151" of the Complaint.

152.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "152" of the Complaint.

153.    Deny the allegations set forth in paragraph "153" of the Complaint.

154.    Deny the allegations set forth in paragraph "154" of the Complaint.

155.    Deny the allegations set forth in paragraph "155" of the Complaint.

156.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "156" of the Complaint.

157.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "157" of the Complaint.

158.    Deny the allegations set forth in paragraph "158" of the Complaint, except admit that plaintiffs.

159.    Deny the allegations set forth in paragraph "159" of the Complaint.

160.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "160" of the Complaint.

161.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "161" of the Complaint.

162.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "162" of the Complaint.

163.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "163" of the Complaint.

164.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "164" of the Complaint.

165.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "165" of the Complaint.

166.    Deny the allegations set forth in paragraph "166" of the Complaint.

167.    Admit the allegations set forth in paragraph "167" of the Complaint.

168.    Deny the allegations set forth in paragraph "168" of the Complaint.

169.    Deny the allegations set forth in paragraph "169" of the Complaint.

170.    Deny the allegations set forth in paragraph "170" of the Complaint.

171.    Deny the allegations set forth in paragraph "171" of the Complaint.

172.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "172" of the Complaint.

173.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "173" of the Complaint except admit that there was an NYPD Sky Watch in the vicinity of Zuccotti Park.

174.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "174" of the Complaint.

175.    Admit that a 56.1 statement was filed in <u>Carpenter et al v. City of NY et al.</u> and state that that document speaks for itself, and further state that the document has no bearing on any of the claims in this case.

176.    Deny the allegations set forth in paragraph "176" of the Complaint.

177.    Admit that the detective was an undercover officer of the NYPD, and deny knowledge or information with regards to his placement.

178.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "178" of the Complaint.

179.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "179" of the Complaint.

180.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "180" of the Complaint.

181.    Deny the allegations set forth in paragraph "181" of the Complaint.

182.    Deny the allegations set forth in paragraph "182" of the Complaint.

183.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "183" of the Complaint.

184.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "184" of the Complaint.

185.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "185" of the Complaint.

186.    Deny the allegations set forth in paragraph "186" of the Complaint except admit that the New York Times City Room blog is quoted accurately.

187.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "187" of the Complaint.

188.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "188" of the Complaint.

189.     Deny the allegations set forth in paragraph "189" of the Complaint.

190.     Deny the allegations set forth in paragraph "190" of the Complaint.

191.     Deny the allegations set forth in paragraph "191" of the Complaint.

192.     Deny the allegations set forth in paragraph "192" of the Complaint.

193.     Deny the allegations set forth in paragraph "193" of the Complaint.

194.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "194" of the Complaint.

195.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "195" of the Complaint.

196.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "196" of the Complaint.

197.     Deny the allegations set forth in paragraph "197" of the Complaint.

198.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "198" of the Complaint.

199.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "199" of the Complaint.

200.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "200" of the Complaint.

201.     Deny the allegations set forth in paragraph "201" of the Complaint.

202.     Deny the allegations set forth in paragraph "202" of the Complaint.

203.     Deny the allegations set forth in paragraph "203" of the Complaint.

204.     Deny the allegations set forth in paragraph "204" of the Complaint.

205.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "205" of the Complaint.

206.    Deny the allegations set forth in paragraph "206" of the Complaint.

207.    Deny the allegations set forth in paragraph "207" of the Complaint.

208.    Deny the allegations set forth in paragraph "208" of the Complaint.

209.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "209" of the Complaint.

210.    Deny the allegations set forth in paragraph "210" of the Complaint.

211.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "211" of the Complaint.

212.    Deny the allegations set forth in paragraph "212" of the Complaint.

213.    Deny the allegations set forth in paragraph "213" of the Complaint.

214.    Deny the allegations set forth in paragraph "214" of the Complaint.

215.    Deny the allegations set forth in paragraph "215" of the Complaint.

216.    Deny the allegations set forth in paragraph "216" of the Complaint.

217.    Deny the allegations set forth in paragraph "217" of the Complaint.

218.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "218" of the Complaint.

219.    Deny the allegations set forth in paragraph "219" of the Complaint.

220.    Deny the allegations set forth in paragraph "220" of the Complaint.

221.    Admit that numerous lawsuits have been filed, and deny information with respect to any additional claims set forth in paragraph "221" of the Complaint.

222.    Admit that a number of lawsuits have been settled, and deny information with respect to any additional claims set forth in paragraph "222" of the Complaint.

223.    Admit that a number of lawsuits are pending, and deny information with respect to any additional claims set forth in paragraph "223" of the Complaint.

224.    Admit the allegations set forth in paragraph "224" of the Complaint.

225.    Deny the allegations set forth in paragraph "225" of the Complaint.

226.    Deny the allegations set forth in paragraph "226" of the Complaint.

227.    Deny the allegations set forth in paragraph "227" of the Complaint.

228.    Deny the allegations set forth in paragraph "228" of the Complaint.

229.    Deny the allegations set forth in paragraph "229" of the Complaint.

230.    Deny the allegations set forth in paragraph "230" of the Complaint.

231.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "231" of the Complaint.

232.    Deny the allegations set forth in paragraph "232" of the Complaint.

233.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "233" of the Complaint.

234.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "234" of the Complaint.

235.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "235" of the Complaint.

236.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "236" of the Complaint.

237.    Deny the allegations set forth in paragraph "237" of the Complaint.

238.    Deny the allegations set forth in paragraph "238" of the Complaint.

239.    Deny the allegations set forth in paragraph "239" of the Complaint except admit that protestors were arrested on the roadway of the Brooklyn Bridge on October 1, 2011.

240.    Deny the allegations set forth in paragraph "240" of the Complaint.

241.    Deny the allegations set forth in paragraph "241" of the Complaint.

242.    Deny the allegations set forth in paragraph "242" of the Complaint.

243.    Deny the allegations set forth in paragraph "243" of the Complaint.

244.    Deny the allegations set forth in paragraph "244" of the Complaint.

245.    Deny the allegations set forth in paragraph "245" of the Complaint.

246.    Deny the allegations set forth in paragraph "246" of the Complaint.

247.    Deny the allegations set forth in paragraph "247" of the Complaint.

248.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "248" of the Complaint.

249.    Deny the allegations set forth in paragraph "249" of the Complaint.

250.    Deny the allegations set forth in paragraph "250" of the Complaint except admit that Mayor Bloomberg said, "The police did exactly what they were supposed to do."

251.    Deny the allegations set forth in paragraph "251" of the Complaint except admit that a number of people were arrested on November 15, 2011 in Zuccotti Park.

252.    Deny the allegations set forth in paragraph "252" of the Complaint.

253.    Deny the allegations set forth in paragraph "253" of the Complaint.

254.    Deny the allegations set forth in paragraph "254" of the Complaint.

255.    Deny the allegations set forth in paragraph "255" of the Complaint except admit that a number of people were arrested during the 2004 Republican National Convention.

256.    Deny the allegations set forth in paragraph "256" of the Complaint.

257.    Deny the allegations set forth in paragraph "257" of the Complaint.

258.    Deny the allegations set forth in paragraph "258" of the Complaint.

259.   In response to the allegations set forth in paragraph "259" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

260.   Deny the allegations set forth in paragraph "260" of the Complaint.

261.   Deny the allegations set forth in paragraph "261" of the Complaint.

262.   Deny the allegations set forth in paragraph "262" of the Complaint.

263.   Deny the allegations set forth in paragraph "263" of the Complaint.

264.   Deny the allegations set forth in paragraph "264" of the Complaint.

265.   Deny the allegations set forth in paragraph "265" of the Complaint.

266.   Deny the allegations set forth in paragraph "266" of the Complaint.

267.   In response to the allegations set forth in paragraph "267" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

268.   Deny the allegations set forth in paragraph "268" of the Complaint.

269.   Deny the allegations set forth in paragraph "269" of the Complaint.

270.   Deny the allegations set forth in paragraph "270" of the Complaint.

271.   Deny the allegations set forth in paragraph "271" of the Complaint.

272.   In response to the allegations set forth in paragraph "272" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

273.   Deny the allegations set forth in paragraph "273" of the Complaint.

274.   Deny the allegations set forth in paragraph "274" of the Complaint.

275.   Deny the allegations set forth in paragraph "275" of the Complaint.

276.   Deny the allegations set forth in paragraph "276" of the Complaint.

277.    Deny the allegations set forth in paragraph "277" of the Complaint.

278.    Deny the allegations set forth in paragraph "278" of the Complaint.

279.    In response to the allegations set forth in paragraph "279" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

280.    Deny the allegations set forth in paragraph "280" of the Complaint.

281.    Deny the allegations set forth in paragraph "281" of the Complaint.

282.    Deny the allegations set forth in paragraph "282" of the Complaint.

283.    Deny the allegations set forth in paragraph "283" of the Complaint.

284.    Deny the allegations set forth in paragraph "284" of the Complaint.

285.    Deny the allegations set forth in paragraph "285" of the Complaint.

286.    In response to the allegations set forth in paragraph "286" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

287.    Deny the allegations set forth in paragraph "287" of the Complaint.

288.    Deny the allegations set forth in paragraph "288" of the Complaint.

289.    Deny the allegations set forth in paragraph "289" of the Complaint.

290.    Deny the allegations set forth in paragraph "290" of the Complaint.

291.    Deny the allegations set forth in paragraph "291" of the Complaint.

292.    Deny the allegations set forth in paragraph "292" of the Complaint.

293.    Deny the allegations set forth in paragraph "293" of the Complaint.

294.    Deny the allegations set forth in paragraph "294" of the Complaint.

295.   In response to the allegations set forth in paragraph "295" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

296.   Deny the allegations set forth in paragraph "296" of the Complaint.

297.   Deny the allegations set forth in paragraph "297" of the Complaint.

298.   Deny the allegations set forth in paragraph "298" of the Complaint.

299.   Deny the allegations set forth in paragraph "299" of the Complaint.

300.   Deny the allegations set forth in paragraph "300" of the Complaint.

301.   Deny the allegations set forth in paragraph "301" of the Complaint.

302.   Deny the allegations set forth in paragraph "302" of the Complaint.

303.   Deny the allegations set forth in paragraph "303" of the Complaint.

304.   In response to the allegations set forth in paragraph "304" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

305.   Deny the allegations set forth in paragraph "305" of the Complaint.

306.   Deny the allegations set forth in paragraph "306" of the Complaint.

307.   Deny the allegations set forth in paragraph "307" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE:

308.   The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

309.   Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and was not the proximate result of any act of defendant City, Winski, Traynor, Vernelly, Curley, Reres, Bloomberg, or Kelly.

### THIRD AFFIRMATIVE DEFENSE:

310.    Plaintiff provoked any incident.

### FOURTH AFFIRMATIVE DEFENSE:

311.    There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop, search or arrest.

### FIFTH AFFIRMATIVE DEFENSE:

312.    There was probable cause for plaintiffs' arrest, detention, and prosecution.

### SIXTH AFFIRMATIVE DEFENSE:

313.    Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### SEVENTH AFFIRMATIVE DEFENSE:

314.    Defendants Winski, Traynor, Vernelly, Curley, and Reres have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### EIGTH AFFIRMATIVE DEFENSE:

315.  Plaintiff may have failed to comply with the conditions precedent to suit.

### NINTH AFFIRMATIVE DEFENSE:

316.  Plaintiff's claims may be barred by the applicable statute of limitations.

### TENTH AFFIRMATIVE DEFENSE:

317.  Punitive damages cannot be awarded against the City of New York.

### ELEVENTH AFFIRMATIVE DEFENSE:

318.  Plaintiffs have failed to mitigate their  alleged damages.

### TWELFTH AFFIRMATIVE DEFENSE:

319. Plaintiff's claims may be barred by doctrines of Res Judicata and/or Collateral Estoppel.

**WHEREFORE,** defendants respectfully request that the Complaint be dismissed in its entirety, that the court enter judgment for defendants, and that defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           April 3, 2015

                                     **ZACHARY W. CARTER**
                                     Corporation Counsel of the
                                       City of New York
                                     *Attorney for Defendants*
                                     100 Church Street, Room 3-168
                                     New York, N.Y. 10007-2601
                                     (212) 356-

                           By:                    /s/
                                     _____
                                     Andrew Lucas
                                     Assistant Corporation Counsel
                                     Special Federal Litigation Division


To:     (VIA ECF)
        Wiley Stecklow
        **Stecklow Cohen & Thompson**
        10 Spring Street, Suite 1
        New York, NY 10012

14 CV 7744

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN VINCENT and LORENZO SERNA,

Plaintiffs,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

**ANSWER TO COMPLAINT**

### ZACHARY W. CARTER

Corporation Counsel of the City of New York
*Attorney for Defendants City of New York, Deputy Inspector
Winski, Captain Trayor, Officer Vernelly, Officer Curley,
Officer Reres, Former Mayor Bloomberg, Former
Commissioner Kelly*
100 Church Street, Room 3-160
New York, New York  10007-2601

Of  Counsel:  Andrew Lucas
Tel.:  (212) 356-2373

NYCLIS No.: 2014-045232

*Service of which is hereby acknowledged:*

........................................, N.Y.  Dated:  ...........................................

Signed:  ...............................................................................................

Print Name: ..........................................................................................

Attorney for: .........................................................................................