

| | THE CITY OF NEW YORK | |
|---|---|---|
| ZACHARY CARTER<br>*Corporation Counsel* | LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | ANDREW LUCAS<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-2373<br>Fax: (212) 356-3509<br>alucas@law.nyc.gov |

October 14, 2015

**By ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

           Re:    Vincent v. Winski, et. al.
                   14 CV 7744 (VSB)

Your Honor:

       I am an Assistant Corporation Counsel in the office of Zachary Carter, Corporation Counsel of the City of New York, representing defendants in the above-referenced civil rights matter. Defendants submit this pre-motion letter per the Court's individual practices to request leave to file a motion to dismiss under Fed. R. Civ. P. 12.

       Plaintiff Sean Vincent alleges that his constitutional rights were violated stemming from his arrests on September 24, 2011, October 1, 2011, October 15, 2011, November 8, 2011, and November 27, 2011.[1][2]

       Defendants request a briefing schedule to file a motion to dismiss the amended complaint under Fed. R. Civ. P. 12, and request the Court decline to set a discovery schedule at this time. Of the incidents potentially identified as giving rise to constitutional violations, plaintiff Vincent saw at least four of those disposed by way of a guilty plea. This judicially

---

[1] Defendants note that plaintiff Lorenzo Serna accepted an offer of Judgment issued at the § 1983 Plan mediation. The parties are in the process of finalizing that settlement.

[2] Defendants further note that plaintiff Sean Vincent variously identifies 5 or 6 potential dates of incident in his complaint. See Complaint, Docket [1], ¶ 4.

resolved finding of guilty precludes plaintiff's claims related to these arrests, and he cannot sustain any in good faith.

On his remaining date of incident, plaintiff's claims stem from an arrest on the Brooklyn Bridge on October 1, 2011. The arrests at that incident have been thoroughly litigated and the Second Circuit conclusively found probable cause. This ruling provided such clarity that it recently saw plaintiff's counsel in § 1983 actions on behalf of other arrestees withdraw all of their causes of action related to that arrest in letters to the Court dated October 2, 2015. See 14 cv 7519 (JSR); 14 cv 7955 (JSR). Alternatively, defendants request the Court sever the portion of this case related to the October 1, 2011 arrest as it is properly related to 11 cv 6957 (JSR) as well as the two cases referenced above.

Plaintiff presents a litany of claims that are undifferentiated between any of his various dates of incident or with respect to which of the plaintiffs they were filed on behalf of. Ultimately the bulk of his claims are unsupported by his voluminous pleadings, and legally untenable. In addition to the seven claims for relief, plaintiff sets forth at least three implausible and disjointed Municipal liability theories, as well as eight additional § 1983 theories thrown into one paragraph of his complaint and described only as a deprivation of civil rights. See Complaint, Docket [1], ¶ 261.

As a result a Rule 12 motion will clarify which of the claims the remaining plaintiff actually asserts, and with respect to what dates of incident. This is particularly necessary here where plaintiff has admitted to a Court at least some of his arrests were proper, and the Second Circuit and District Court have concluded that another is not actionable. Plaintiff's myriad theories of liability and municipal liability mean this clarification has the potential to vastly alter the scope of plaintiff's case. Additionally, officer defendants are entitled to qualified immunity as their actions, and are entitled to a resolution of qualified immunity prior to facing discovery.

> [T]he question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process. Twombly, supra, at 559, 127 S. Ct. 1955, 167 L. Ed. 2d 929 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side" (internal quotation marks and citation omitted)).
>
> Our rejection of the careful-case-management approach is especially important in suits where Government-official defendants are entitled to assert the defense of qualified immunity. The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery." Siegert v. Gilley, 500 U.S. 226, 236, (1991) (Kennedy, J., concurring in judgment). There are serious and legitimate reasons for this.
>
> Ashcroft v. Iqbal, 556 U.S. 662, 684-685 (U.S. 2009). That is particularly true here where at least of plaintiff's claims are unsustainable as a matter of law.

Further, plaintiff's claim under Monell must be dismissed. Where there is no underlying constitutional violation, there can be no liability pursuant to Monell. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). Plaintiff presents at least three theories, but fails to identify a plausible municipal policy, pattern, or practice that gave rise to his alleged constitutional violation. A municipal liability claim should be dismissed where plaintiff merely states conclusory allegations of municipal policy and practice and fails to allege facts from which the court may infer an actual causal link between the custom or policy and alleged constitutional violation. See, Cuevas v. City of New York, 07 civ 4169 (LAP), 2009 U.S. Dist. LEXIS 114984, at *12 (S.D.N.Y. Dec. 7, 2009) ("Baldly asserting that Plaintiff's injuries are the result of the City's policies does not show this Court what the policy is or how that policy subjected Plaintiff to suffer the denial of a constitutional right"); 5 Borough Pawn v. City of New York, 640 F. Supp. 2d 268, 299-300 (S.D.N.Y. 2009).

Defendants served plaintiff's counsel with a Rule 11 safe harbor letter and notice of motion with respect to these issues, particularly as it relates to the remaining plaintiff's guilty pleas and the findings related to the October 1, 2011 arrest. The parties have conferred with respect to this issue, and counsel for plaintiff provided a courtesy copy of his response today. Defendants are reviewing and considering plaintiff's position. It appears that counsel seeks to press his theories, including for false arrest, with full knowledge of plaintiff's guilty plea and the preclusive judicial findings with respect to October 1, 2011. As a result Rule 11 motion practice may be necessary, and defendants may subsequently request a briefing schedule.

For all these reasons, and other reasons that will be set out fully in our motion to dismiss, plaintiff's complaint should be dismissed in its entirety and with prejudice. Defendants' request a briefing schedule to fully set forth the parties' positions, that any discovery schedule be deferred, and the opportunity to discuss these issues at the upcoming conference. Thank you for your consideration.

Respectfully submitted,
/s/
Andrew Lucas
*Assistant Corporation Counsel*

cc: *By ECF*
Wylie Stecklow
Stecklow, Cohen and Thompson
217 Centre Street, 6th Floor
New York, NY 10013
Wylie@wylielaw.com