**WYLIE M. STECKLOW**  WWW.LAWYERSFORTHERESTOFUS.COM
**STECKLOW & THOMPSON**
217 CENTRE ST. FL. 6
NEW YORK, NY 10013
T(212) 566-8000
F(212) 202-4952
Wylie@SCTlaw.com

October 30, 2015

VIA ECF
Honorable Judge Vernon S. Broderick
United States District Court
Southern District of New York
New York, NY

      Re:    Matter:    Vincent & Serna v. City of NY et al
              Docket:    2014NY07744

Dear Honorable Judge:

Please remember that I am the attorney of record for the Plaintiffs in the above captioned matter. I write pursuant to Rule 4M of the Federal Rules of Civil Procedure relating to the service of the complaint upon Defendants William Grodnick and Lisa Waring. Upon information and belief, these two individual defendants are both retired from the NYPD. Since we last appeared in your Court, counsel for the parties have had multiple discussions. Earlier today I was informed that both of these individuals can be served at One Police Plaza.

Plaintiff submits that an extension of time to serve is appropriate because a dismissal in this matter "without prejudice in combination with the statute of limitations would result in a dismissal *with* prejudice" and in such instances, the court must "weigh[] the impact that a dismissal or extension would have on the parties." *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. N.Y. 2007) (emphasis in original). In weighing

that impact, courts are to consider "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *Eastern Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 506 (S.D.N.Y. 1999) c*iting* Advisory Committee Notes to F.R.C.P. § 4(m).

Where, as here, the statute of limitations would bar the refiled action, the first factor weighs in favor of an extension because of the prejudice it would work on plaintiff. *Tieman v. City of Newburgh*, 2015 U.S. Dist. LEXIS 38703, *29 (S.D.N.Y. Mar. 26, 2015) (granting extension). *See also Castro v. City of New York*, 2007 U.S. Dist. Lexis 77878, *19-20 (S.D.N.Y. 2007) (granting extension and collecting cases in which courts "focus on their discretionary authority to deny dismissal in addressing these types of motions"). As to the second, actual notice of the claims asserted, Defendants admit that the City and at least eight (8) other officers were timely served; where "Plaintiff served the Law Department," unserved individual municipal employee "defendants necessarily ha[ve] actual or constructive notice of both the lawsuit and plaintiff's claims within the 120-day period." *Castro*, 2007 U.S. Dist. Lexis 77878, *26. The second factor thus weighs in favor of an extension.

The defendants in this matter did not appear or answer the complaint until more than one hundred days after service was made on some of the defendants. On April 1, 2015, the following was submitted by Plaintiff's counsel to the City Law Department:

> The above captioned matter was filed and served on the named defendants between September 24, 2014 and December 8, 2014 (except service on

Defendants Kelly & Bloomberg was December 23, 2014). More than 100 days has passed since the service of the complaint, yet no answer has been received. Prior to moving for relief before the Court, I am sending this correspondence to your attention. Please let me know by Monday April 6, 2015 when to expect an answer from the City in this matter. If no reply is received by that date, I will submit a request to the Court for appropriate relief.

Once an answer was filed, there was no contact by the New York City Law Department to Plaintiff identifying that two officers were not yet served. In fact, it wasn't until the service issues were raised by Plaintiff's counsel at the conference before this Court on October 15, 2015, that this defect in service was revealed and discussed. Plaintiff submits that the late appearance in the matter by the New York City Law Department, coupled with the Plaintiff's affirmative representation to the New York City Law Department that all parties had been timely served in April 2015, without a response from the defendants identifying the defect in service on Grodnick and Waring, may be considered by this Court to determine that factor 3 also weighs in favor of the plaintiff.

Consent to this request was sought and the defendants file the following objection: *To the extent (Plaintiff) requests an extension of the 120 days to serve, please note that "defendants object as plaintiff is seeking to serve these defendants for the first time over a year after the statute of limitations ran, well outside the prescribed period."*

Wherefore, it is respectfully requested that the time to serve these two defendants be extended until November 15, 2015 or seven (7) days from the date of an order extending the time to serve, whichever is shorter.

Respectfully submitted,
/s/
Wylie M. Stecklow, Esq.

cc: ACC LUCAS (via ECF)