**WYLIE M. STECKLOW**  www.LawyersForTheRestOfUs.com
**STECKLOW & THOMPSON**

217 Centre St. Fl. 6
New York, NY 10013
T (212) 566-8000
F (212) 202-4952
Wylie@SCTlaw.com

April 29, 2016

VIA ECF
Honorable Judge Vernon S. Broderick
United States District Court
Southern District of New York
New York, NY  10007

Re:   Matter:   Vincent & Serna v. City of NY et al
        Docket:    14CV07744 (VSB)

Dear Honorable Judge:

Please remember that I am the attorney of record for the Plaintiff, Sean Vincent, in the above captioned matter.  I write pursuant to the court's individual rules and Rule15(a)(2), to respectfully request leave to file an amended complaint.  On April 26, 2016, I submitted a copy of the proposed First Amended Complaint to the New York City Law Department, asking if they consent to its filing.  On April 28, 2016, it was communicated that the defendants do no consent to this request.

By way of background, the matter concerns six different arrests[1] of an individual that was actively engaged in the Occupy Wall Street movement in downtown New York City from September 2011 through December 2012.  The action was commenced against defendant City of New York and unnamed and named individual NYPD defendants on September 24, 2014.  Since that time, the co-plaintiff accepted a Rule 68 offer of judgment, the parties engaged in Rule 4(M) motion practice concerning Defendants Grodnick and Waring.  On April 2, 2016, the City filed a Rule12(c) motion seeking to dismiss the claims of the remaining plaintiff, Sean Vincent.  No meaningful discovery has yet taken place in this litigation.

---

[1] The proposed amended complaint abandons the false arrest claims of October 1, 2012, due to decisions in other false arrest cases from the same time and location. Plaintiff does not believe the October 1, 2012 arrest was lawful, but believes the inclusion of this arrest date would guarantee further motion practice by the defendants.

1

Pursuant to Rule15(a)(2), "…[a] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *AEP Energy Services Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 726 (2d Cir. 2010) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (internal quotation marks omitted)); *accord Johnson v. Bryco Arms*, 304 F. Supp. 2d 383, 398 (E.D.N.Y. 2004) (Weinstein, J.) ("In exercising discretion to grant leave to amend, courts should be guided by the underlying purpose of allowing amendment to facilitate a decision on the merits.") (quotation and citations omitted); *Greene v. C.B. Holding Corp.*, 10-CV-1094 (JBW), 2010 WL 3516566 (E.D.N.Y. Aug. 12, 2010).The Plaintiff seeks leave of court to file an amended complaint in order to remove the co-plaintiff and related defendants; to remove claims related to the Brooklyn Bridge arrest of October 1, 2011; and to more specifically identify claims and facts. The proposed amended complaint would provide more specific facts related to each identified defendant as well as expanding on the support for the *Monell* claims set forth in the initial complaint. The City will not be prejudiced if plaintiff is granted leave to amend. "In determining whether prejudice is undue, the court considers whether the amendment would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; *or* (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Johnson*, 304 F. Supp. at 398 (quotation and citation omitted).

Plaintiff has not sought to name any new defendants in the proposed first amended complaint, and all of the claims in the proposed first amended complaint flow from the facts set out in the original pleading. "[A] complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). When ruling on Rule 12 motions to dismiss, "courts must consider the complaint in its entirety," to determine "whether all of the facts alleged, taken collectively," state a cause of action. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322-323

2

(2007). The function of the first cause of action is to give notice that the plaintiff should be granted relief on any constitutional legal theory to which the facts pled elsewhere in the complaint show the plaintiff to be entitled.

The proposed amended complaint sets out six claims for relief including the standard First Claim ~1983 catch-all, Second Claim ~ False Arrest, Third Claim ~ Failure to Intervene, Fourth Claim ~ Denial of Plaintiff's Fair Trial Rights, Fifth Claim Violations of and retaliation for exercise of free speech, and Sixth Claim ~ Monell claim based on three distinct alleged policies of the City of New York. Discovery has not yet begun in this matter.

Accordingly, plaintiff respectfully requests leave of Court to file an amended complaint. Alternatively, the Plaintiff seeks a motion schedule to brief the request for leave to file an amended complaint.

Respectfully submitted,<br>
/s/<br>
Wylie M. Stecklow, Esq.

cc: ACC JOY ANAKHU (via ECF)
    ACC ANDREW LUCAS (via ECF)
    ACC DARA WEISS (via ECF)
    ACC LAMAR WINSLOW (via ECF)

```
The parties are instructed to appear telephonically for a pre-motion
conference on May 12, 2016 at 10:00 a.m.  The parties are instructed
to provide Chambers with a single dial-in number at which all
parties may be reached by May 10, 2016.  Plaintiff is instructed to
file a red-line document, showing all changes between the Complaint
and the Amended Complaint, on the docket.  The briefing schedule for
Defendants' motion to dismiss is stayed pending resolution of
Plaintiff's request to amend the complaint.
```

SO ORDERED:

*/s/ Vernon Broderick*

HON. VERNON S. BRODERICK 5/6/2016
UNITED STATES DISTRICT JUDGE

3