**WYLIE M. STECKLOW**               WWW.LAWYERSFORTHERESTOFUS.COM
**STECKLOW & THOMPSON**

217 CENTRE ST. FL. 6
NEW YORK, NY 10013
T(212) 566-8000
F(212) 202-4952
WYLIE@SCTLAW.COM

May 10, 2016

VIA ECF
Honorable Judge Vernon S. Broderick
United States District Court
Southern District of New York
New York, NY  10007

      Re:    Matter:    Vincent & Serna v. City of NY et al
             Docket:    14CV07744 (VSB)

Dear Honorable Judge:

      Please remember that I am the attorney of record for the Plaintiff, Sean Vincent, in the above captioned matter.  I write in reference to this Honorable Court's order of May 6, 2016 (Docket # 62).  Please find attached as an exhibit to this document both (i) the Second Proposed Amended Complaint (Exhibit 1 to this letter); and (ii) a redlined comparison document of the Second Proposed Amended Complaint as compared to the current operative complaint (Exhibit 2 to this letter).   The Defendants requested (Docket # 60), and the Court ordered (Docket # 62), a redlined version of the Second Proposed Amended Complaint.  Please accept this correspondence in satisfaction of that order and as a specific explanation of how Plaintiff complied with this order and created the redlined version of Second Proposed Amended Complaint.

      A redline version of a document is created in two ways.  Initially, the person creating the redline document must turn on track changes in word by selecting 'TOOLS' in the word menu, and in that drop down menu, selecting "Track Changes."  The user would then have two options: (i) highlight changes or (ii) compare documents.  If the user is starting to edit a document, they can select highlight changes and a redline document will begin to be created by highlighting every change made from this original document.  If the user has already edited this document, they can select compare documents, which then opens a secondary menu.



When Counsel began editing the current complaint in track changes, there was no order to produce a redline version, so it was not edited in track changes. Therefore, a redline version can only be created utilizing this secondary menu. Counsel selected the Original document as the current operative complaint, and the Revised document as the Second Proposed Amended Complaint. The redlined version is then created and that is what is attached hereto as Exhibit 2. The Court should note that the compare documents tool is not a perfect digital tool. For this reason, this letter attempts to summarize some of the most significant changes to the Complaint

The Second Proposed Amended Complaint has been updated from the First Proposed Amended Complaint submitted on April 29, 2016 as an exhibit to Docket # 59. Overall, the Plaintiff's goal in these amendments has been to respond in good faith to issues raised by the defendants in relation to the currently operative complaint. The Plaintiff has done this by: 1) removing causes of action to focus on the Plaintiff's strongest claims; 2) adding factual detail concerning the claims that remain; 3) shortening the length of the Complaint overall; and 4) clarifying legal theories relating to existing claims. The Plaintiff's goal is to avoid Rule 12 motion practice which, given the amendments offered here, would be futile.

Without conceding that any claims originally made lacked merit, the Plaintiff is withdrawing claims related to the arrests of September 24, 2011 and October 1, 2011. Additionally, any and all excessive force claims have been removed. For each of the four arrests concerning which claims remain, additional facts have been provided. These changes reduce the length of the complaint by approximately ten pages. Much of the reduction in length has been accomplished by condensing the allegation of the *Monell* claim. The Plaintiff trusts the Defendants will not now claim that the shortened *Monell* claim lacks sufficient detail. (The Plaintiff has attempted to provide a detailed *Monell* claim while at the same time responding to the Defendants' concerns regarding the

Complaint's length).  The Second Proposed Amended Complaint now offered is 26 pages (excluding one exhibit), down from 38 pages previously.  The Proposed Amended Complaint clarifies that the Plaintiff indeed asserts a Denial of Fair Trial Claim, as identified by the Defendants in the pending motion, as well as a related claim for Malicious Prosecution.

With these changes, the Plaintiff believes that Rule 12 motion practice would be futile and therefore unnecessary.  While there are disputes of fact between the parties, there is no principled basis to seek dismissal of the entire Complaint on the pleadings alone.  The Defendants' claim that the Plaintiff pled guilty to multiple charges from multiple arrest dates can be disposed of by review of the Plaintiff's allocution, in which he clearly pleads to one and only one offense, from the September 24, 2011 arrest date, a date for which all claims have been withdrawn.  Accordingly the Plaintiff believes that both sides should see the presently offered Proposed Amended Complaint as a beneficial step forward which will save the Court and the parties time by focusing the case and speeding it forward.

Lastly, for the phone call on May 12, 2016 at 10:00am, the parties have agreed to utilize the free conference call number held by the undersigned.  All necessary parties will be on this line.  To access the line please dial: (712) 432 0370, when prompted please enter: 473408.

Respectfully submitted,

/s/

Wylie M. Stecklow, Esq.

cc:  ACC JOY ANAKHU (via ECF)
     ACC ANDREW LUCAS (via ECF)
     ACC DARA WEISS  (via ECF)
     ACC LAMAR WINSLOW (via ECF)